■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN SHELMANDINE, Appellant. [9 NYS3d 891]—

Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered February 1, 2013, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to grand larceny in the third degree. Under the terms of the plea agreement, he was permitted to participate in the drug court program and was advised that, if he successfully completed it, he would be allowed to withdraw his plea, plead guilty to petit larceny and be sentenced to time served. Defendant was further advised that, if he did not successfully complete the drug court program, he would be sentenced as a nonviolent predicate felony offender to a prison term ranging from a maximum of 3½ to 7 years to a minimum of 2 to 4 years. Defendant did not successfully complete the drug court program and was sentenced to 2 to 4 years in prison. He now appeals.

Defendant's sole contention is that County Court violated CPL 400.21 by failing to provide him with a copy of his predi-

cate felony offender statement prior to sentencing him. However, given that he failed to raise an appropriate objection at sentencing, he has not preserved this claim for our review (*see People v House*, 119 AD3d 1289, 1290 [2014]; *People v Morse*, 111 AD3d 1161, 1161 [2013], *lv denied* 23 NY3d 1040 [2014]). In any event, upon reviewing the record, we find that there was substantial compliance with the statutory requirement (*see People v House*, 119 AD3d at 1290; *People v Walton*, 101 AD3d 1489, 1490 [2012], *lv denied* 20 NY3d 1105 [2013]).

Peters, P.J., McCarthy, Egan Jr. and Clark, JJ., concur. Ordered that the judgment is affirmed.